**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JOAQUIN CHAVEZ-VILLEGAS,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72616

Agency No. A078-103-328

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2022
Pasadena, California

Before:  CLIFTON, M. SMITH, and WATFORD, Circuit Judges.

Petitioner Joaquin Chavez Villegas petitions for review of the decision by

the Board of Immigration Appeals that affirmed the Immigration Judge's denial of

his application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We deny the petition.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We have jurisdiction pursuant to 8 U.S.C. § 1252. We review legal questions de novo and the agency's factual findings for substantial evidence. *See Aden v. Wilkinson*, 989 F.3d 1073, 1079 (9th Cir. 2021). We review the agency's case-by-case determinations that a crime is "particularly serious" for abuse of discretion, limited to whether the agency "relied on the appropriate factors and proper evidence[.]" *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (internal quotation marks omitted) (quoting *Anaya–Ortiz v. Holder*, 594 F.3d 673, 676 (9th Cir. 2010)).

1. We decline to consider Chavez Villegas's argument that *Pereira* ruled by implication that a Notice to Appear without time and place information cannot vest the agency with subject matter jurisdiction. *See generally Pereira v. Sessions*, 138 S. Ct. 2105 (2018). He failed to exhaust his administrative remedies with regard to this argument despite having the opportunity to do so during the second round of briefing before the BIA. *Pereira* was issued on June 21, 2018, and he submitted his brief to the BIA on July 31, 2019, in his appeal of the IJ's post-remand decision to deny CAT protection and enter a removal order.

2. We deny Chavez Villegas's petition as to his asylum and withholding of removal claims. Even if we assume without deciding that the agency abused its discretion in determining that he committed a "particularly serious crime" that

rendered him ineligible for asylum and withholding of removal, the agency's alternative denial of those claims on the merits was based on factual findings that were supported by substantial evidence.

With regard to asylum, substantial evidence supported the agency's finding that he did not establish that he faced past persecution or had a well-founded fear of persecution on account of his membership in a particular social group. The record does not compel an outcome contrary to the IJ's finding that his testimony, although "generally credible[,]" was "speculati[ve] when he concludes that it was the police officers that turned him over to the [NGC]" and that the encounter was not on account of a protected ground but rather "pure extortion by a criminal gang, which is not a basis for a grant of asylum[.]" The BIA affirmed the IJ's credibility findings, aptly quoting *Zetino*'s holding that the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). We conclude that the agency presented "a reasoned analysis of the evidence as a whole and cite[d] specific instances in the record that form the basis of the adverse credibility finding." *Tamang v. Holder*, 598 F.3d 1083, 1093-94 (9th Cir. 2010). Moreover, even if Chavez Villegas's testimony were entirely credible, it would not compel any reasonable adjudicator to reach a contrary outcome to the

agency's conclusion that he "has not demonstrated that the harm he suffered and fears from the cartel has a nexus to a protected ground[.]"

With regard to withholding of removal, substantial evidence supported the agency's finding that he did not establish that it was more likely than not that he would be persecuted on account of a protected ground. *See Sanjaa v. Sessions*, 863 F.3d 1161, 1164 (9th Cir. 2017) (noting that the standard of proof for withholding of removal is higher than that for asylum).

3. Substantial evidence supported the agency's finding that Chavez Villegas did not show that it was more probable than not that he would face torture carried out by or with the acquiescence of the government. We recently ruled against a noncitizen seeking CAT protection due to the risk posed by the NGC and alleging that the government "colludes with cartels and is generally ineffective in deterring and prosecuting crime[,]"; we concluded that "while on occasion some corrupt officials may turn a blind eye to cartel activity, the Mexican government, rather than being willfully blind to cartel violence and torture, actively combats and prosecutes cartel activity." *B.R. v. Garland*, 4 F.4th 783, 800-01 (9th Cir. 2021). Chavez Villegas did not introduce evidence proving otherwise. Substantial evidence also supported the agency's conclusion that "it is more than reasonable to

expect that [he] will live or 'locate' himself in [a] safe area of Mexico[.]" *See* 8 C.F.R. § 1208.13(b)(1)(i)(B). We deny the petition as to his CAT claim.

**PETITION FOR REVIEW DENIED.**